IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN WILLIAMSON | : | CIVIL ACTION |
| v. | : | |
| DAVID CORDANI, et al. | : | NO. 12-3239 |

FILED
JUN 13 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

<u>MEMORANDUM</u>

KELLY, J.                                                        JUNE 13, 2012

Karen Williamson filed this lawsuit against David Cordani and unknown CIGNA employees. She seeks to proceed <u>in forma pauperis</u>. For the following reasons, the Court will grant plaintiff leave to proceed <u>in forma pauperis</u> and dismiss her complaint without prejudice to her filing an amended complaint.

I.    **FACTS**

Plaintiff alleges that on May 11, 2012, she called Walgreens to refill a 90-day prescription for Coreg, a drug that she has been taking since 2005. She previously filled the prescription in February "after surviving to age 65 with medical insurance changes filled without issue."[1] (Compl. ¶ 4.) Although the complaint does not clearly describe plaintiff's relationship with CIGNA, it appears that she either has a contract with CIGNA for medical insurance or that CIGNA is the administrator of a Medicare program in which plaintiff participates.[2] At any rate,

---

[1] The Court is not sure what plaintiff means by this statement.

[2] The complaint indicates that plaintiff is not receiving benefits through an employee benefit plan, as she specifically notes that she worked for "non profits which did not provide benefits." (Compl. ¶ 4.)

1

CIGNA refused to cover plaintiff's Coreg prescription. When plaintiff called CIGNA about this issue, CIGNA's employees hung up on her and/or refused to help her or provide her with their names and locations. Plaintiff cannot afford to pay for her prescription, and claims that she could "have a [h]eart [a]ttack, [s]troke, or drop dead" without it. (Compl. ¶ 6.)

Based on those facts, the complaint purports to assert claims under the Americans with Disabilities Act and the Racketeer Influenced and Corrupt Organizations Act (RICO), as well as state law tort and contract claims. Plaintiff seeks an injunction directing CIGNA to "stop obstructing [her] required medicine." (Compl. ¶ 13.) She also seeks an order requiring CIGNA to provide her with a lifetime of "pre-PAID" prescriptions "in advance of medically required intake" and damages "for abuse of power over [her] life, and what quality remains thereof." (Id.)

II. **STANDARD OF REVIEW**

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough,

184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

As plaintiff is proceeding pro se, the Court must construe her allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). However, even a pro se plaintiff must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ray v. First Nat'l Bank of Omaha, 413 F. App'x 427, 429-30 (3d Cir. 2011) (per curiam). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

It is clear that plaintiff's claims are based on CIGNA's failure to pay for Coreg, either pursuant to a contract for medical insurance that plaintiff has with CIGNA or in connection with a Medicare program administered by CIGNA (presumably Medicare Part D, which offers prescription drug coverage). Yet plaintiff did not sue CIGNA. Instead, she sued unidentified CIGNA employees with whom she spoke on the phone and David Cordani, whose role in or responsibility for the acts detailed in the complaint is not described.

Regardless, the complaint does not state a basis for a federal claim. To the extent plaintiff's claims are based on

CIGNA's failure to provide prescription benefits in accordance with Medicare, the Court lacks subject matter jurisdiction because "the sole avenue for judicial review for claims arising under the Medicare Act is through 42 U.S.C. § 405(g)."[3] Kopstein v. Independence Blue Cross, 339 F. App'x 261, 264 (3d Cir. 2009) (per curiam) (quotations and footnote omitted); see also Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 5 (2000). Furthermore, although the complaint purports to state claims pursuant to the Americans with Disabilities Act, it does not describe conduct prohibited by that act. See 42 U.S.C. § 12101, et. seq.; see also Tennessee v. Lane, 541 U.S. 509, 516-17 (2004) (the ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III."). Likewise, the complaint does not state a claim under RICO, see 18 U.S.C. § 1962 (describing activities prohibited by RICO); see also In re Schering Plough Corp. Intron/Temodar Consumer Class Action, — F.3d —, 2012 WL 1700836, at *7 (3d Cir. May 16, 2012) ("The federal RICO statute creates a civil remedy[] . . . for

---

[3]Section 405(g) explains that a plaintiff may initiate an action in federal district court only after obtaining a "final decision of the [Secretary of Health and Human Services] made after a hearing . . . ." Here, it is apparent that plaintiff came straight to federal court without first seeking administrative review, as she filed this action less than a month after CIGNA denied her request for coverage.

4

'any person injured in his business or property' by a violation of one of RICO's substantive provisions."), or describe a basis for any other federal claim.

To the extent that plaintiff's claims are based on CIGNA's alleged breach of an insurance contract in violation of state law, it is not clear whether diversity jurisdiction exists.[4] Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Even assuming the existence of diversity, it is unclear whether the amount in controversy requirement is satisfied. See Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."). Furthermore, plaintiff has not clearly described the nature of her contractual relationship with CIGNA, explained how CIGNA breached its contract with her, or even named CIGNA as a party to this action. See Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) ("Pennsylvania law requires that a plaintiff seeking to proceed with a breach of contract action must establish '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'") (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d

---

[4]If those state law claims are related to CIGNA's alleged failure to provide benefits in accordance with Medicare, there is also a possibility that they are preempted. See Kopstein, 339 F. App'x at 264.

1053, 1058 (Pa. Super. Ct. 1999)).

A district court should ordinarily allow a pro se plaintiff to amend her complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Accordingly, plaintiff will be permitted to file an amended complaint in the event that she can cure any of the above deficiencies.[5]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to her filing an amended complaint. An appropriate order follows.

---

[5] If plaintiff names CIGNA as a defendant, she must state CIGNA's citizenship if she seeks to establish jurisdiction based upon diversity. See 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").